IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 15-52462-CAG |
| FPMC SAN ANTONIO REALTY | § | |
| PARTNERS, LP, | § | CHAPTER 11 PROCEEDING |
| | § | |
| DEBTOR | § | |

**DEBTOR'S APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 329 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING EMPLOYMENT AND RETENTION OF THE LAW OFFICES OF RAY BATTAGLIA, PLLC AS BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.

A TIMELY FILED RESPONSE IS NECESSARY FOR A FINAL HEARING TO BE HELD.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

FPMC San Antonio Realty, Partners, LP ("FPMC" or "Debtor") the debtor and debtor in possession in the above-captioned cases hereby applies (the "Application") to the Court for entry of an order, under sections 327(a) and 329 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of the Law Offices of Ray Battaglia, PLLC (the "Firm") as bankruptcy counsel for the Debtor effective as of the Petition Date (as defined below) under a general retainer. In support of this Application the Debtor relies upon the *Affidavit of Raymond W. Battaglia in Support of the Application for Approval of Employment and Retention of The Law Offices of Ray Battaglia, PLLC as Bankruptcy Counsel to the Debtor*, attached hereto as Exhibit "A" (the "Battaglia Affidavit"). In further support of this Application, the Debtor respectfully represents

Application to Employ Counsel

1

as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3. On October 5, 2015 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditor's committee has been appointed in this Chapter 11 Case by the Office of the United States Trustee for the Western District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

5. The Debtor's primary asset consists of real property and improvements located in San Antonio, Texas, consisting of a hospital and medical office building, together with ancillary facilities. The Debtor leases its assets to third parties. The Debtor is not engaged in the business of operating the hospital and is not a health care provider.

## RELIEF REQUESTED

6. By this Application, the Debtor seeks to employ and retain the Firm, effective as of the Petition Date, as the Debtor's bankruptcy counsel, under a general retainer, with regard to the filing and prosecution of this Chapter 11 Case. Accordingly, the Debtor respectfully requests entry of an order, pursuant to sections 327(a) and 329 of the Bankruptcy Code, authorizing the Debtor to

**Application to Employ Counsel**

2

employ and retain the Firm as its bankruptcy counsel, effective as of the Petition Date, to perform the legal services that will be necessary during this Chapter 11 Case, as more fully described below.

**BASIS FOR RELIEF**

7. Section 327(a) of the Bankruptcy Code provides that subject to court approval, a debtor, as a debtor in possession, "[m]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist . . . in carrying out . . . duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

8. Under section 329 of the Bankruptcy Code, attorneys representing a debtor must "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

9. Bankruptcy Code section 328(a), in turn, provides that, subject to court approval, the employment of professional persons under section 327 of the Bankruptcy Code may be "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the Court. 11 U.S.C. § 328(a).

10. Bankruptcy Rule 2014 requires that an application for retention include "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. Bankr. P. 2014.

11. The Debtor respectfully submits that it should be authorized to retain and employ the Firm in accordance with the terms and conditions set forth in the Battaglia Affidavit. As discussed

Application to Employ Counsel

below and in Battaglia Affidavit Declaration, the Firm satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code. The Firm's services are needed post-petition to continue to assist with this Chapter 11 Case and to enable the Debtor to discharge its duties as debtor and debtor in possession.

12. As discussed herein, the Firm has extensive experience and an excellent reputation for providing high-quality legal services to debtors and creditors in bankruptcy reorganizations and other restructurings. Accordingly, the Debtor respectfully submits that the Firm is well-qualified to provide its services to the Debtor in a cost-effective, efficient, and timely manner.

13. In addition, as also set forth herein, the Firm's proposed fee structure is market-based, fair, and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code. The fee structure appropriately reflects the nature and scope of services to be provided by the Firm, its experience with respect to providing corporate restructuring services, and the fee and expense structures typically used by the Firm and other leading firms that bill their clients on an hourly basis.

## THE FIRM'S QUALIFICATIONS

14. The Debtors selected the Firm as their restructuring counsel because of the Firm's recognized expertise in the field of debtors' and creditors' rights and business reorganizations and asset sales under chapter 11 of the Bankruptcy Code. The Debtor believes that the Firm has the knowledge and experience necessary to deal effectively with the issues that will arise in the Chapter 11 Case and that the Firm's representation of the Debtor is critical to the success of the Debtor's reorganization efforts.

15. The Debtor desires to employ the Firm under a general retainer because of the extensive legal services that will be required in connection with this Chapter 11 Case.

## SERVICES TO BE RENDERED

16. The services of legal counsel are necessary to enable the Debtor to execute faithfully its duties as debtor in possession and to preserve and enhance the value of the Debtor's estate. Subject

to further order of this Court, the Firm will render various services to the Debtor including, among others, the following:

    a. advise the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued management and operation of its business and properties;

    b. attend meetings and negotiate with representatives of creditors and other parties in interest, and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

    c. take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against its estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

    d. prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

    e. advise the Debtor in connection with any sales of assets;

    f. negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    g. appear before this Court, any appellate courts, and the United States Trustee, and protect the interests of the Debtor's estate before such courts and the United States Trustee; and

    h. perform all other necessary legal services and provide all other necessary or appropriate legal advice to the Debtor in connection with this Chapter 11 Case.

17. It is necessary and essential that the Debtor, as debtor in possession, employ attorneys under a general retainer to render the foregoing professional services. The Firm has indicated a willingness to act on behalf of, and render such services to, the Debtor.

## THE FIRM'S DISINTERESTEDNESS

18. To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the Battaglia Affidavit, the Firm (i) does not have any connection with the Debtor, its' affiliates, its' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Western District of Texas, any person employed in the office of the same, any judge in the Bankruptcy Court for the Western District of Texas, or any person employed in the offices of the United States Trustee; (ii) is a "disinterested person," as such term is defined in Bankruptcy Code

**Application to Employ Counsel**

section 101(14), as modified by Bankruptcy Code section 1107(b); and (iii) do not hold or represent any interest adverse to the Debtor's estate.

19. The Debtor understands that except as otherwise set forth in the Battaglia Afficavit:

    a. Neither the Firm nor any attorney at the Firm holds or represents an interest adverse to the Debtor's estate;

    b. Neither the Firm nor any attorney at the Firm is or was a creditor or an insider of the Debtor;

    c. Neither the Firm nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; and

    d. The Firm does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

20. In view of the foregoing, the Debtor s that the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

21. The Firm has informed the Debtor that throughout the Chapter 11 Cases, the Firm will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that the Firm will promptly update the Battaglia Affidavit to disclose any material developments regarding the Debtor or any other pertinent relationships that come to the Firm's attention.

**PROFESSIONAL FEES AND EXPENSES**

22. The Firm has provided and will be providing professional services to the Debtor under its standard rate structure. For 2015, the hourly rate for Mr. Battaglia is $425 per hour. The Firm has also informed the Debtor that it will bill non-working travel time at half of the otherwise applicable hourly rate. The Firm has advised the Debtor that the hourly rate set forth above is subject to periodic increases in the normal course of the Firm's business. The Firm will provide notice of any rate increases to the Debtor, the United States Trustee, and the Court.

23. Consistent with the Firm's policy with respect to its other clients, the Firm will

continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

24. In connection with entry into the engagement of the Firm, the Debtor agreed that a retainer (the "Retainer") would be applied to the Firm's professional fees, charges, and disbursements. The initial Retainer amount was $65,000. As of the Petition Date, the balance of the Retainer was $58,523.00, after payment of all outstanding prepetition fees and expenses incurred by the Firm, including the filing fee in the amount of $1717.00.

25. The remaining Retainer will remain in the Firm's IOLTA trust account as a post-petition retainer to be applied against post-petition fees and expenses after application to and approval by the Court.

26. The Firm intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with Bankruptcy Code sections 330 and 331, with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and with any other applicable procedures and orders of the Court. The Firm will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current standard hourly rate charged for such services on a non-bankruptcy matter.

27. The Firm has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues, and tasks addressed in these cases.

28. Other than as set forth above, no arrangement is proposed between the Debtor and the Firm for compensation to be paid in this case. The Firm has not shared or agreed to share any of

its compensation from the Debtor with any other entity, except as permitted under section 504(b)(1) of the Bankruptcy Code.

29.    The Debtor submits that the employment and retention of the Firm, as of the Petition Date and on the terms and conditions set forth herein, is in the best interest of the Debtor, its' estate, creditors, stakeholders and other parties in interest, and therefore, should be approved.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the employment and retention of the Law Offices of Ray Battaglia, PLLC, effective as of the Petition Date, on the terms described above and granting such other and further relief as may be just and proper.

Dated: October 5, 2015

                            **FPMC SAN ANTONIO REALTY PARTNERS, LP**

                            By: Neal Richards Group San Antonio
                            Development, LLC, a Texas limited
                            liability company, its sole general partner

                            By: _____
                            Name: Mary Hatcher
                            Title: Manager

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2015, a true and correct copy of the following pleading:

D<small>EBTOR'S</small> **APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 329 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING EMPLOYMENT AND RETENTION OF THE LAW OFFICES OF RAY BATTAGLIA, PLLC AS BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

has been served upon the parties listed on the Court's ECF transmission list in this case via ECF e-notice or United States Postal Service and on the following parties:

**Time Warner Cable**
Box 60074
City of Industry, CA 91716

**Waste Management**
PO Box 660345
Dallas, TX 75266

**San Antonio Water System**
PO Box 2990
San Antonio, TX 78299

**Texas Capital Bank, N.A.**
c/o J. Mark Chevallier, Esq.
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, TX 75201

**Texas Capital Bank, N.A.**
c/o James G. Rea, Esq.
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, TX 75201

**Texas Capital Bank, NA**
Bruce A. Shilcutt
2000 McKinney Avenue, Suite 500
Dallas, TX 75201

**Thyssen Krup Elevator Americas**
3660 Thousand Oaks, Suite 210
San Antonio, TX 78247

**Alamo Handyman, LLC**
PO Box 681892
San Antonio, TX 78268

**Acme Safe & Lock Company**
138 Kenley Pl.
San Antonio, TX 78232

**Bexar County Tax Assessor Collector**
P.O. Box 2903
San Antonio, TX 78299-2903

**Andrew Zaragoza**
525 Oak Ctr, Ste 240
San Antonio, TX 78258

**DFW Maintenance**
101 St. Louis Avenue
Fort Worth, TX 76104

**CPS Energy**
PO Box 2678
San Antonio, TX 78289

**Dr. Siraj Sayeed**
5510-B Presidio Parkway
San Antonio, TX 78249

**DMI Technologies**
14900 Grand River Rd. Suite 100
Fort Worth, TX 76155

**Forest Park Medical Center at San Antoni**
Central Expressway Suite #440
Dallas, TX 75243

**Drash Contracting Company**
1045 Central Parkway N., Suite 101
San Antonio, TX 78258

**Gilbert Aguilar**
525 Oak Ctr, Ste 240
San Antonio, TX 78258

**Fresenius**
920 Winter Street
Attn: Legal Department
Waltham, MA 02451

**Internal Revenue Service**
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

**ICON Ecological Solutions**
5432 Bridgeport Rd
McKinney, TX 75071

**KNJ Graphix**
2201 Long Prairie Rd, Ste 107/163
Flower Mound, TX 75022

**J.W. Dielmann, Inc.**
4019 Stahl Road, Suite 118
San Antonio, TX 75701

**Mutual Sprinklers**
12000 Crownpoint, Suite 175
San Antonio, TX 75206

**Application to Employ Counsel**

**Lincoln Harris**
6688 N Central Expwy, #300
Dallas, TX 75206

**NRG Property Management**
3030 Olive Street, Suite 220
Dallas, Texas 78299


    */s/ Raymond W. Battaglia*
    Raymond W. Battaglia

**Application to Employ Counsel**

# EXHIBIT A

**Application to Employ Counsel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FPMC SAN ANTONIO REALTY PARTNERS, LP, | § § § § | BANKRUPTCY NO. 15-52462-CAG<br><br>CHAPTER 11 PROCEEDING |
| DEBTOR | § | |

**AFFIDAVIT OF RAYMOND W. BATTAGLIA IN SUPPORT OF APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF THE LAW OFFICES OF RAY BATTAGLIA, PLLC AS ATTORNEY FOR THE DEBTOR**

STATE OF TEXAS        )
                      )
COUNTY OF BEXAR       )

Raymond W. Battaglia, being duly sworn, deposes and says:

I am over 18 years of age and, if called as a witness, would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below:

1. I am the President and Managing Member of the Law Offices of Ray Battaglia, PLLC (the "Firm"), proposed counsel for the Debtor. I am submitting this affidavit in support of the *Debtor's Application For Order Pursuant To Bankruptcy Code Sections 327(A) and 329 and Bankruptcy Rules 2014 and 2016, Authorizing Employment and Retention of The Law Offices Of Ray Battaglia, PLLC As Bankruptcy Counsel to the Debtor and Debtor In Possession Effective as of the Petition Date* (the "Application").

2. I am an attorney licensed to practice law in the State of Texas and have been a member in good standing of the Texas Bar since 1983. I am also admitted to practice before the Supreme Court of Texas; the United States Court of Appeals for the Fifth Circuit; and the United States District Courts for the Western, Southern, and Northern Districts of Texas. I am Board Certified in Business Bankruptcy by the Texas Board of Legal Specialization.

3. I am the sole member of the Law Offices of Ray Battaglia, PLLC. My office address

**Application to Employ Counsel**

1

is 66 Granburg Circle, San Antonio, Texas 78218, telephone 210-601-9405, and e-mail rbattaglialaw@outlook.com.

    4.    Neither I nor the Firm represent any interest adverse to the Debtor, as required by 11 U.S.C. §§ 327(a); additionally, we are disinterested persons pursuant to 11 U.S.C. §101(14). In preparing this affidavit, the Firm performed a review of the connections and relationships between the Firm and certain creditors of the Debtor and other parties in interest. To the extent that I become aware of any additional relationships, I will promptly file a supplemental affidavit. After examining potential conflicts, I am unaware of any circumstances where the Firm has been adverse to the Debtor and a review of the names of the primary creditors and insiders of the Debtor has revealed no prior connections between the Firm and the Debtor's Creditors and Parties in Interest

    5.    Except for the proposed representation of the Debtor, neither I nor the Firm has represented nor will represent any other entity in connection with this Case, and neither I nor the Firm will accept any fee from any other party or parties in this Case except as set out herein. As a condition to acceptance of the employment as counsel to the Debtor, the Firm has not and will not undertake to represent the interests of any creditor of the Debtor in any matter related to the Debtor. The Firm is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that the Firm and its attorneys:

    a.    Are not creditors, equity security holders, or insiders of the Debtors;

    b.    Are not and were not, within two (2) years before the date of the filing of the Debtors' Chapter 11 petition, a director, officer, or employee of the Debtors; and

    c.    Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

    6.    Subject to Court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis. The primary attorney within the Firm who represent the Debtor and his hourly rate is:

    Raymond W. Battaglia - $425.00 per hour.

    7.    It is the Firm's policy, in all areas of its practice, to charge its clients for additional

**Application to Employ Counsel**

expenses incurred in connection with the client's case. The expenses charged to the Firm's clients include, among other things, postage and express mail charges at the rates charged by the U.S. Postal Service, special or hand delivery charges, external photocopying charges at the actual cost charged, printing of documents in excess of 20 pages or multiple copies of documents with fewer than 20 pages at $.15 per page, travel expenses, expenses for "working meals," and computerized research. The Firm does not charge for long distance calls other than conference calls. The Firm will charge the Debtor for expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

8. The Firm has not agreed to share any compensation received with any other entity.

9. In view of the foregoing, I believe I and the Firm (i) do not hold or represent an interest adverse to the Debtors, and its estate, (ii) do not hold or represent any other party in this Case, and (iii) are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code.

10. The Firm recognizes its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties in interest to the Debtor's bankruptcy estate as they appear or become recognized during the Case. Accordingly, I reserve the right to, and shall supplement this disclosure if necessary as more information becomes available to us.

11. The foregoing constitutes the statement of the Law Offices of Ray Battaglia, PLLC pursuant to Section 327 and 330 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NOT.

Executed this the 9th of October, 2015

_____
Raymond W. Battaglia

SUBSCRIBED and SWORN to before me, the undersigned authority, on this the 9 day of October, 2015.



RICARDO AVENDANO
Notary Public, State of Texas
My Commission expires
February 1, 2018

_____
Notary Public
My Commission Expires: Feb. 1 2018

Application to Employ Counsel

4